ENNEKING BROS. v. SCHOLTZ ET AL.

1. **Husband and Wife:** COVERING OF PROPERTY BY WIFE: EVIDENCE. The evidence in this case considered, (see opinion,) and *held* sufficient to sustain a verdict to the effect that the defendant's wife was indebted to him for goods and money received without consideration and in fraud of creditors, and that she should be charged therewith as a garnishee in a suit against her husband.

*Appeal from Polk Circuit Court.*

MONDAY, OCTOBER 11.

THE plaintiffs brought suit by attachment against the defendant, Louis Scholtz, and caused his wife, Marian L. Scholtz, to be garnished, claiming that she was the debtor of her husband. The garnishee in her answer denied her indebtedness. Issue was joined upon the answer; the plaintiffs, by proper pleadings, contradicting it. The cause was tried to a jury, and a verdict and judgment were had for plaintiffs. The garnishee appeals.

*Gatch, Connor & Weaver,* for appellant.

*Mitchell & Dudley* and *Macy, Sweeney & Sherman,* for appellees.

BECK, J.—I. The only question raised by counsel for appellant involves the sufficiency of the evidence to support the verdict. No question of law is made or discussed

by counsel. Plaintiffs claim that the garnishee is indebted to her husband on account of goods and money received in payment upon a mortgage executed to her to secure an amount of money she had before advanced or loaned to him. The garnishee claims that her husband was indebted to her in large sums, and that the mortgage securing notes given for the indebtedness was executed in good faith. According to the statement of the husband and wife, this indebtedness had its origin a great many years ago, upon their marriage, when she had money from her father's estate and earned by her before marriage. The defendant failed about twenty years ago. She then conducted the business in her own name, or rather the business was conducted in her name by her husband. He was discharged in bankruptcy, and after a while resumed business in his own name, borrowing a part or all of the capital from the wife. Notes were executed to the wife for the money advanced by her. A chattel mortgage was executed to her, covering the stock in trade of the husband to secure these notes. The husband and wife both testify to the good faith of these transactions. The plaintiffs, in order to overcome their testimony, rely upon some declarations and admissions of the parties, the circumstances developed by the evidence inconsistent therewith, and the improbability that good-faith transactions of this character were conducted by the parties. Many circumstances are shown,—as that when the husband was prosperous in business it was conducted in his own name; that when he failed, or was in failing condition, the business passed to her, and that the indebtedness of the husband to the wife had rather an unusual increase, indicating that on her side it was about all income, and but little outlay.

II. Cases of this kind, involving the good faith of the ownership of property, and the existence of debts as between husband and wife, commonly depend for determination upon circumstances from which fraud is inferred. The manner of the witnesses implicated in the fraud while giving their tes-

timony has much to do in determining the credibility of their evidence. From these sources, inferences and presumptions arise which lead the minds of a jury to conclusions as to the honesty of the transactions. These presumptions and inferences are the result of the application of a knowledge of men and of the affairs of life, made, in the exercise of common sense, to the facts of the case. It is important, when the evidence of a witness is to be weighed, that his manner and demeanor should be seen. We are deprived of this test of truth, which the jury had, and this fact must be considered in determining the question of the sufficiency of evidence in cases of conflicting testimony, or cases where suspicion rests upon the credibility of the witnesses. These considerations require us not to disturb a verdict unless we are sure that, allowing for the matters referred to, it is so against the evidence as to raise a presumption of passion or prejudice on the part of the jury.

In the case before us it does not appear that the verdict is not the honest and unprejudiced exercise of judgment upon the part of the jury, and that they were not authorized, in so considering the case, to disregard the evidence of the husband and wife to the effect that the transactions between them were actual and in good faith, and to find that they were in fraud of the creditors of the husband. The record of the case is voluminous. We are not accustomed, in such cases, to discuss the evidence with particularity, which could not result to the profit of the parties or the profession. It is sufficient to announce that there is no ground presented by the abstract which authorizes us to hold that the verdict ought to have been set aside by the court below as being unsupported by the evidence.

AFFIRMED.